# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:18CR41-LG-RHW-1
CIVIL ACTION NO. 1:19CV548-LG

**SAUL GUZMAN-ONTIVEROS**

## ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. §2255

BEFORE THE COURT are the [77] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and related [78] Memorandum in Support filed by Saul Guzman-Ontinveros. He asks the Court to vacate his sentence pursuant to § 2255 because his trial counsel provided him ineffective assistance of counsel. After reviewing the Motion, supporting Memorandum, the record in this matter, and applicable law, the Court finds that his Motion should be denied.

## I. BACKGROUND

Saul Guzman-Ontinveros pleaded guilty to one count of attempting to possess with intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). He had also been indicted for conspiracy to possess with intent to distribute 5 kilograms or more of a mixture containing cocaine. That charge was dismissed, however, pursuant to the terms of his plea agreement. On September 25, 2018, Guzman-Ontinveros was sentenced to a term of 70 months' imprisonment, a five-year term of supervised release following release, and a $5000 fine. He did not appeal his conviction or sentence.

On August 29, 2019, Guzman-Ontinveros filed the instant § 2255 Motion, claiming ineffective assistance of counsel by his retained attorney, Rufus G. Alldredge, Jr. His Motion asserts four[1] ineffective assistance of counsel claims: (1) counsel was ineffective "in Pretrial, Plea Agreement, [and] Post-Plea;"[2] (2) counsel was ineffective for failing to seek application of the "Safety valve" provision in 18 U.S.C. § 3553(e) at sentencing and for filing an untimely and "anemic" motion to suppress; (3) counsel was ineffective for failing to request an evidentiary hearing, for failing to secure a conditional guilty plea, and for failing to explain that he would likely be deported if he pleaded guilty; and (4) counsel was ineffective for failing to enforce the terms of the plea agreement, specifically the Government's recommendation that he be sentenced in the lower 25% of the guideline range. (Mot. Vacate 4-8, ECF No. 77). He also filed, the same day, a Memorandum in Support, which, despite its label, instead appears to be a declaration made under penalty of perjury.[3] (*See* Mem. Supp. 2-6, ECF No. 78.)

---

[1] In fact, he makes more than four claims, because each of his claims contains multiple ways in which he says his counsel provided constitutionally deficient assistance.

[2] In an attachment to his Motion, labeled "Exhibit A," Guzman-Ontinveros purports to elaborate upon this conclusory assertion by enumerating a laundry list of 50 equally conclusory allegations concerning what counsel failed to properly explain, argue, or investigate while representing him. (Mot. Vacate Ex. A, ECF No. 77-1.)

[3] In this declaration, he seems to admit the facts that serve as the basis for his conviction in this case. It is unclear how this declaration supports the claims in his Motion.

## II. DISCUSSION

A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. Indeed, a collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). 28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

A district court may deny a § 2255 motion without conducting a hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). However, the § 2255 movant bears the burden of "produc[ing] independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (internal quotation marks omitted). Contested factual issues may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes,* 635 F.2d 449, 451 (5th Cir. 1981).

a. <u>Ineffective Assistance of Counsel Standard</u>

A habeas petitioner must establish two elements to demonstrate that he suffered constitutionally deficient assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that

-3-

> counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland,* this court can look at either prong first; "if either one is found dispositive, it is not necessary to address the other." *United States v. Webster,* 392 F.3d 787, 794 n.12 (5th Cir. 2004) (quoting *Buxton v. Lynaugh,* 879 F.2d 140, 142 (5th Cir. 1989)).

"[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009) (citation, quotation marks, and brackets omitted). The deficiency prong

> "requires that [counsel] research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Fields,* 565 F.3d 290, 294 (5th Cir. 2009) (internal quotation marks and citation omitted). "[S]olid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *See id.* (internal quotation marks and citation omitted). However, the fact that an attorney reached the wrong conclusion does not necessarily make his performance deficient as the right to counsel does not guarantee error-free counsel. *See Emery v. Johnson,* 139 F.3d 191, 197 (5th Cir. 1997); *Skillern v. Estelle,* 720 F.2d 839, 851 (5th Cir. 1983).

*United States v. Freeman*, 818 F.3d 175, 178 (5th Cir. 2016). Indeed, a court must take steps to "eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. It is

-4-

not the province of the court to second guess an attorney's strategic decisions; rather, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . .." *Id.*

Under the prejudice prong, "the defendant normally must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different, or that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." *Freeman*, 818 F.3d at 178 (citing *Strickland,* 466 U.S. at 694; *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993)).

b. <u>Guzman-Ontinveros's Ineffective Assistance of Counsel Claims</u>

First, Guzman-Ontinveros claims that his counsel was ineffective at all stages of the representation. The assertion is entirely conclusory and unsubstantiated. The elaboration contained within Exhibit A to his Motion adds no substance because these 50 additional assertions are equally devoid of factual allegations specific to this case.

His second claim contains two separate contentions: his counsel should have argued for the applicability of the "safety valve" provision of 18 U.S.C. § 3553(e) at sentencing, and his counsel filed an untimely and "anemic" motion to suppress. Section 3553(e) provides,

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance

> with the guidelines and policy statements issued by the
> Sentencing Commission pursuant to section 994 of title
> 28, United States Code.

18 U.S.C. § 3553(e). By its very language, § 3553(e) states that only the Government may seek application of the provision. Thus, regardless of whether counsel asks the Government to consider making such a motion, it is within the discretion of the Government to ultimately do so. Moreover, there is no allegation – let alone evidence – supporting Guzman-Ontinveros's conclusory assertion that he was eligible for § 3553(e)'s application. The Presentence Investigation Report indicated that the probation officer found no basis for a variance, and Guzman-Ontiveros does not identify what, if any, substantial assistance he offered in the investigation or prosecution of another person who committed an offense. With regard to the second contention, the docket reflects that counsel did not file any motion to suppress, so it is unclear how counsel could have filed an untimely and "anemic" one. Guzman-Ontinveros also fails to identify what suppression argument should have been made. These claims are therefore without merit.

The third claim has three separate arguments within: counsel was ineffective for failing to request an evidentiary hearing, counsel was ineffective for failing to secure a conditional guilty plea, and counsel was ineffective for failing to explain that Guzman-Ontiveros would likely be deported if he pleaded guilty. It is entirely unclear what an evidentiary hearing would have covered or what Guzman-Ontiveros thinks his counsel should have uncovered. *See United States v. Bernard*, 762 F.3d 467, 477 (5th Cir. 2014) ("[T]o succeed on a claim for failure to investigate,

a defendant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'"). There is also no basis for his counsel to have secured a conditional guilty plea, because no pretrial issue was ever raised. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) ("A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a 'conditional plea' under Rule 11(a)(2) of the Federal Rules of Criminal Procedure.") "A conditional plea is also contingent upon the government's consent and the court's approval," *id.* at 916, neither of which are guaranteed. Finally, at the plea hearing on June 19, 2018, the Court explicitly asked Guzman-Ontiveros if his counsel had explained the immigration ramifications of pleading guilty – to which he answered in the affirmative – and then proceeded to explain to him that he would face deportation or voluntary departure as a result of his guilty plea. (Plea Hearing 10:50-11:25, ECF No. 54.) These claims are similarly without merit.

The fourth claim is that counsel was ineffective for failing to enforce the terms of the plea agreement, specifically the Government's recommendation that he be sentenced in the lower 25% of the guideline range. As the Court explained to Guzman-Ontiveros during the plea hearing, the Government's sentencing recommendation is not binding on the court. (*Id.* at 10:20-10:50.) The Court is free to disregard the Government's recommendation. But more importantly, the Court did sentence Guzman-Ontiveros within the lower 25% of the guideline range. He was sentenced at the very bottom of the guideline range – a term of 70 months. It is

therefore unclear what Guzman-Ontiveros thinks his counsel should have done or what should have occurred differently at sentencing.[4] This claim is accordingly without merit.

III. CONCLUSION

The Court has considered each of the claims raised in Guzman-Ontinveros's § 2255 Motion and has determined that none of his claims have merit. His Motion is due to be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [77] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Saul Guzman-Ontiveros is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [79] Motion for Disposition Upon Written Questions and Order Declaring Attorney-Client Privilege Waived is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 16th day of January, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[4] In his Motion, he has concluded that his guideline range was 51-70 months instead of 70-87 months, and that a sentence of 33 months would be in the bottom 25% of that range. (*See* Mot. Vacate 8, ECF No. 77.)